## George G. Keefer
### v.
## Charles C. Guffin.

*Exemptions—Issue of Execution to two Different Counties—Schedule—Debtor can not be Deprived of Right of Selection by Wrongful Act of Plaintiff.*

Where executions on a judgment are issued to two counties and a levy made in one county and the debtor files his schedule and makes his selection of exempt property, but the sheriff, by direction of plaintiff, wrongfully retains possession of exempt property, and thereupon a levy is made in the other county, and the debtor schedules and makes his selection of exempt property, not including in his selection the property retained by the sheriff in the first county, whereupon the sheriff making the second levy demands the property held by the first sheriff, the fact that the debtor did not, being legally unable, comply with this demand does not warrant the sheriff in levying on property selected as exempt by the debtor.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of Whiteside County; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. O. F. WOODRUFF, for appellant.

Mr. L. T. STOCKING, for appellee.

UPTON, J.   This is a suit in replevin by appellee against appellant for property in the writ described. Appellant justifies as sheriff of Whiteside County, under an execution levy, based upon proceedings hereafter stated. On the 22d of September, 1888, the First National Bank of Morrison recovered a judgment against appellee, before a justice of the peace in Whiteside County, for $107.30. Appellee then was and has since continued the head of a family, residing therewith. Upon this judgment several executions were issued, the property levied upon by virtue thereof being released by schedule appraisement and selection under the statute, by appellee, which are not deemed necessary in a legal point of view to be further noted, however such proceedings may be regarded in point of ethics. Those several executions having been returned to the justice who issued the same "not satisfied," the bank as such judgment creditor, on the 19th of December, 1888, caused a transcript of its said judgment to be certified to the clerk of the Circuit Court of Whiteside County, as provided by statute, and then caused two executions to be issued thereon by such clerk, the one to the sheriff of Whiteside County, and the other to the sheriff of Lee County. The executions were placed in the hands of the respective sheriffs of said counties on the 20th and 21st of December, 1888, to execute. On the 22d of December, 1888, the sheriff of Lee County levied the one execution by him held upon one pair of horses, a double harness and wagon, then the property of appellee, and took possession thereof. Appellee scheduled all his property in due form as provided by statute, including in such schedule all the property of appellee in Lee and Whiteside Counties. After appraisement thereof appellee made selection pursuant to the statute, including therein the whole property levied upon in Lee

County, amounting to near $240 as appraised; and the balance of exemption allowed him, appellee selected from household furniture enumerated in the schedule being at appellee's place of residence in Whiteside County, leaving some property scheduled and not selected as exempt in Whiteside County.

On the 24th of December, 1888, the appellant, as sheriff of Whiteside County, holding the other execution issued upon the same judgment, as stated, levied upon the appellee's personal property in Whiteside County, being the same property enumerated in the schedule of appellee made to the sheriff of Lee County as above stated upon the other execution, and not selected by appellee as exempt upon that execution. Upon the making of which last mentioned levy by appellant, appellee again scheduled as required by statute and appraisement being duly made the appellee selected all the property then levied upon in Whiteside County, not selecting the property as exempt before mentioned in Lee County. Thereupon appellant as such sheriff demanded of appellee that he turn over and deliver to him to apply upon the execution within the ensuing twenty-four hours the balance and residue of appellee's personal property so scheduled by him and not selected as exempt under the execution held by appellant. The property so demanded being, in fact, the two horses, harness and wagon scheduled as being in Lee County.

It is conceded that at the time of making such demand, the horses, harness and wagon demanded were in the possession of the sheriff of Lee County, who refused to surrender the same to appellee, by the order and direction of the bank, plaintiff in execution, notwithstanding the schedule, appraisement and selection by appellee thereof as stated. And it is further conceded that at the time of making such selection upon the execution levy made by the appellant, as well as at the time of the making of such demand for the delivery of the horses, harness and wagon in Lee County, to appellant, appellee offered to turn the same over to appellant for levy and application upon such execution, and offered to deliver the property to appellant as soon as the same should be released

Keefer v. Guffin.

or redelivered to him by the sheriff of Lee County. Appellee not being able to deliver the property so demanded for the cause above stated at the time demanded, appellant levied the execution so held by him on the property in question. This action was brought to recover the same after demand therefor.

The trial in the circuit was by the court, a jury being waived, who found the property in appellee, and he had judgment therefor. An appeal was taken to this court.

Two questions are sought to be raised by the record before us.

1. Can an execution issued by the clerk of the Circuit Court upon a transcript of a justice of the peace, pursuant to Sec. 95, Chap. 79, Starr & C. Ill. Stats., be levied upon personal property of the defendant therein?

2. Was appellee excused for the non-delivery of the property scheduled in Lee County, to appellant, for application upon the execution held by him?

It is beyond question necessary for a judgment debtor to comply with the requirements of the statute regarding exemptions in order to secure its benefits. But, if a compliance therewith is prevented by the wrongful act of the judgment creditor, so as to render it impossible for the judgment debtor to comply with its requirements, reason and justice would seem to require that he be exonerated from its performance, in so far as such compliance is so prevented; at least when any benefits arising from such non-compliance is claimed by the party preventing it. This identical property had by acts of the sheriff and appellee, in pursuance of the provisions of the statute, been released from the levy and lien of the execution in the hands of the sheriff of Lee County, and the possession thereof was rightfully with appellee at the time of the levy by appellant of the execution in Whiteside County. By the direction of the bank (plaintiff in execution) the possession thereof was withheld from appellee, unlawfully and so wrongfully as thereby to prevent performance of a duty required of appellee in order to avail

himself of a most valuable right, of statutory exemption—and which right the bank now claims is lost to appellee and should inure to its benefit, as a consequence of such prevention. It was simply impossible in a legal sense for appellee to deliver the property in Lee County to appellant at the time demanded. It was withheld by the sheriff—without right, of course—but by order of the bank. No one is required to do what is impossible, in law or reason. It is equally true that he who prevents a thing from being done can not avail himself of the non-performance he has occasioned; in other words take advantage of his own wrong, or found a claim upon his own iniquity. Riggs v. Palmer et al., 115 N. Y. 406. It is conceded that the schedule appraisement and selection by appellee under the execution in the hands of appellant of the property in controversy was all in things pursuant to the statute so as to entitle appellee to it, as exempt from the lien of the execution in appellant's hands—except the non-delivery of the horses, harness and wagon held by the sheriff in Lee County, for which omission we have seen he was excused. Nor could the judgment creditor by causing to be issued two executions to different counties and therein levied upon personal property of the judgment debtor (either rightfully or wrongfully) prevent such debtor on schedule and appraisement of his property under the statute from selecting his exemption from such property so scheduled and appraised, (in whichsoever county the same might be situate), simply because the debtor could not upon demand made deliver to the sheriff demanding it property held by another sheriff in another county on the other execution, which such other sheriff refused to deliver to the judgment debtor. This certainly would not come within the spirit of the statute. In this view the first point submitted in argument, whether a *transcript* execution, as therein submitted, is or is not permitted to be levied upon personal property of the execution debtor, need not be determined.

We think the property in the goods in question was under the proceedings and the schedule appraisement and selection as before stated exempt from the time of the execution levy

thereon made by appellant, and was, therefore, the property of the appellee as held by the Circuit Court, and that judgment is affirmed.

*Judgment affirmed.*